THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BENJAMIN DENEWETH<br>Plaintiff,<br><br>vs.<br><br>COUNTY OF MACOMB, a political subdivision and PETER LUCIDO in his individual capacity and separately in his official capacity<br><br>Defendants. | CIVIL ACTION NO. 2:23-cv-11545<br>Hon. Linda V. Parker<br>Mag. Anthony P. Patti<br><br>DEMAND FOR JURY TRIAL |

## FIRST AMENDED COMPLAINT

COMES NOW, Benjamin Deneweth (hereafter "Plaintiff"), by and through his attorneys DESAI LEGAL SERVICES PLLC in the above-styled and numbered cause, and files this, his First Amended Complaint pursuant to Federal Rule of Civil Procedure Rule 15(a)(1)(B) providing for amendments as of right filed within 21 days of the service of a responsive pleading, and in support thereof would respectfully show unto the Court as follows:

I. **INTRODUCTION**

1. This is a civil rights action brought by Plaintiff against COUNTY OF MACOMB, a political subdivision and PETER LUCIDO in his individual

capacity and separately in his official capacity (hereafter collectively referred to as "Defendant" or "Defendants") for unlawful discrimination based on real or perceived sexual orientation, real or perceived disability, and marital status in the hiring process, in violation of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), the Elliott-Larsen Civil Rights Act (Act 453 of 1976), the Michigan's Persons with Disabilities Civil Rights Act (PWDCRA), MCL 37.1101 et seq., and other applicable civil rights statutes.

2. Plaintiff further alleges that statements made by Defendant Macomb County and its agent/representative Defendant Lucido constitute unlawful Slander.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as all Defendants reside in this district and a substantial part of the events giving rise to the claims occurred in this district.

## III. PARTIES

4. Plaintiff Benjamin Deneweth is an individual who resides in the Eastern District of Michigan.

5. Defendant Macomb County is a governmental entity organized and existing under the laws of the State of Michigan and is a political subdivision thereof.

6. Defendant Peter Lucido is, and at all relevant times was, the Macomb County Prosecuting Attorney. He is sued in his individual and official capacities. Lucido, in his official capacity, is and was employed by Macomb County, a governmental entity organized and existing under the laws of the State of Michigan. Upon information and belief, Lucido resides in the Eastern District of Michigan.

IV. **FACTUAL ALLEGATIONS**

7. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

8. Plaintiff is an experienced and respected trial prosecutor, formerly an Assistant Prosecuting Attorney for Wayne County, with more than a decade of experience prosecuting complex and serious cases, including homicide and child abuse.

9. Defendant Peter Lucido is also a prominent attorney and politician in the state of Michigan, who has served as a Michigan Senator and State Representative prior to being engaged by Defendant Macomb County.

10. At the time that Defendant Macomb County engaged with Defendant Lucido in an employment relationship, Macomb County knew or should have known that Defendant Peter Lucido had a has exhibited a discernible and publicly documented pattern of discriminatory conduct against various constitutionally protected groups, including on the bases of sex and disability.

11. Defendant Macomb County's knowledge of Defendant's Lucido's pattern and habit of carrying out his discriminatory bias in the workplace context arises from statewide, national, and international news reporting on Defendant Lucido's conduct, including articles in The New York Times, Teen Vogue, and BBC News.

12. Specifically, at least four distinct instances of discrimination on the basis of sex against Lucido have been widely reported on by these media outlets. These accusations were levied by journalist Allison Donahue, State Senator Mallory McMorrow, lobbyist Melissa Osborn, and an unnamed employee from his office during his tenure as the Macomb County Prosecutor. Furthermore, Ingham County Judge Lisa McCormick has accused Lucido of what she felt was inappropriate touching.

13. In January 2020, Lucido's inappropriate comment directed at Allison Donahue, a 22-year-old reporter, caught media attention and sparked outrage. Lucido's comment insinuated that a group of high school boys could "have a lot of fun" with Donahue, which was perceived in the media as sexually inappropriate. Following this incident, several reputable media outlets, including The New York Times, Teen Vogue, and BBC News, covered the controversy, showcasing its gravity. While Lucido initially acknowledged and apologized, he later backtracked, claiming he was misquoted.

14. Senator McMorrow stated that Lucido touched her lower back and upper buttocks in November 2018, shortly after she was elected to the state senate,

and made comments during a training session that suggested she won her election because of her appearance.

15. Similarly, lobbyist Osborn said she was handing out name badges at a lunch for legislators when she felt a hand on her "lower back/upper butt." She alleged it was Lucido, who she said held his hand there an uncomfortably long time while complimenting her on her appearance and how the plaid dress she was wearing looked on her. She alleged that his hand "was placed too low and it was uncomfortable and he just talked about my appearance for an extended period of time, a couple of minutes," Osborn said on "Detroit Today" on WDET-FM. Osborn said, "He was looking me up and down and it was very uncomfortable and demeaning." Osborn stated she decided to come forward because her experience was so similar to McMorrow's.

16. The State Senate investigated the sexual harassment allegations against Lucido. Subsequently, Lucido was removed from his committee chairmanship by Senate Majority Leader, who was member of Lucido's own political party.

17. Further controversies arose when a photo surfaced on Lucido's own campaign's Facebook page, capturing him with his hand near a woman's behind. Public figures and groups, such as the Macomb Accountability Project, called attention to Lucido's behavior, emphasizing the recurrent nature of such incidents associated with him.

18. Defendant Macomb County, knew or should have known of Peter Lucido's propensity to discriminate on the basis of sex and slander his accusers before

any alleged violation of the Plaintiff's civil rights based on the extensive international media coverage of the five separate above allegations.

19. Lucido's consistent use of terms like "witch hunts" to dismiss serious allegations against him and his refusal to cooperate with investigations further signifies a culture of impunity, a culture the Defendant did not act to rectify despite possessing knowledge of it.

**Defendant Lucido's Workplace Conduct at Macomb County Prosecutor's Office**

20. During his tenure from January to July 2021 as the Macomb County Prosecutor, Lucido continued his pattern of discriminatory behavior, particularly towards persons based on their sex, race, and disability:

    a) Nine (9) individuals reported Lucido's consistent demeaning treatment towards female administrative staff, describing his behavior as "rude," "curt," "unprofessional," and "brutal." One source stated Lucido treated female staff as if they were "slaves."

    b) Two (2) individuals disclosed that on Valentine's Day, Lucido expressed a desire for "kisses from his ladies." Another source revealed that Lucido, commenting on a controversial photo of him touching a woman's backside, stated derogatorily, "where was I supposed to put my hand, she has a big ass."

c) Lucido's offensive objectification extended to calling a female employee "Double-D," a remark which many interpreted as a derogatory reference to the employee's breast size.

d) Lucido made unwarranted remarks on a female employee's shoes, suggesting she wear them again before her last workday, and insinuating a connection to the provocative nature of the shoes.

e) An undisclosed female employee recounted a troubling encounter where she felt Lucido inappropriately invaded her personal space, repeatedly referred to her as an "agent provocateur," and made suggestive comments implying about shopping for lingerie.

f) Two (2) separate sources highlighted Lucido's insensitive remarks about an APA's ability to fit into her "court clothes," implicitly mocking her weight-related conditions.

g) In a racially insensitive move, following the "Shelby Five" incident involving Black Lives Matter protesters, Lucido openly stated his intention to assign a Black APA to the warrant division. His justification was the problematic assertion that with a Black APA in the role, "those people" couldn't accuse him of unfairness.

h) Such repeated instances of prejudiced behavior from Lucido were not just limited to his interactions with the staff but also manifested in his decision-making processes, such as his decision to assign a Black APA to a division without their request, simply based on race.

    i) Given these extensive allegations and reports, it is evident that Codefendant Macomb County, either through direct awareness or at the very least through knowledge, was cognizant of Lucido's pattern of discriminative behavior.

21. Given the overwhelming evidence and reports of Lucido's pattern of inappropriate and discriminative behavior, both in the public domain and within the workplace, it is evident that Codefendant Macomb County was aware, or at the very least, should have been aware of Lucido's tendencies.

**Discriminatory Actions Against Plaintiff**

22. Plaintiff applied for an Assistant Prosecuting Attorney position with the Macomb County Prosecutor's Office on July 14, 2021. Three positions were available and filled.

23. Plaintiff interviewed for the position on July 22, 2021, with Defendant Lucido and Junee O'Connell, who is upon information and belief an employee of Macomb County Human Resources.

24. During the interview, Defendant Lucido unlawfully asked Plaintiff suggestive, inappropriate and discriminatory questions including "do you have a family?" Plaintiff stated that he was single at the time.

25. Also during the interview, Defendant Lucido commented on Plaintiff's residency in the city of Ferndale, stating that his wife gets pizza in Ferndale.

26. Subsequent to this interview, Defendant Lucido made comments about Plaintiff to at least two Assistant Prosecutors at the Macomb County

Prosecutor's Office. Defendant's Lucido's comments indicated that he perceived Plaintiff as homosexual due to Plaintiff's living arrangements, and, as a result an undesirable candidate. See **EXHIBIT 1**, which Plaintiff incorporates into the factual background of the instant Complaint

27. Plaintiff was rejected for the position on August 2, 2021 as a direct, primary and proximate result of Defendant Lucido's expressed discriminatory animus that spread throughout the Macomb County Prosecutor's Office.

28. Subsequently, Plaintiff learned that Defendant Lucido hired three of Plaintiff's former coworkers from the Wayne County Prosecutor's Office to fill the position that Plaintiff had applied for. At least two of the three had significantly less experience and/or qualifications than Plaintiff. At least two of the three selected candidates had a different marital status than plaintiff.

29. The selection of less qualified candidates can only be explained by Lucido's unlawful discrimination.

30. On July 11, 2022, Plaintiff became aware of a publicly circulated report authored by Butzel Long, an independent investigation firm, which revealed that Defendant Lucido made further invidious and discriminatory comments about Plaintiff's real or perceived sexual orientation and real or perceived disability during or subsequent to the hiring process. See **EXHIBIT 2**, which Plaintiff incorporates into the factual background of the instant Complaint.

31. By speaking to a person believed to be one of the witnesses described in the Butzel Long report, Plaintiff learned that Defendant Lucido was not advised

of Plaintiff's disability at the time of his homophobic comments but in fact described Plaintiff's disability as a reason that he did not hire Plaintiff. **EXHIBIT 2**.

32. A presently unknown second witness to Defendant Lucido's unlawful slanderous statements evidencing his discriminatory actions in the hiring process is described in the Butzel Long report but unknown to Plaintiff at this time.

33. Defendant Lucido's comments to at least one of the two witnesses described in the Butzel Long report constitute unlawful slander.

34. Defendant Macomb County facilitated the publishing of all of Defendant Lucido's comments about Plaintiff to news media outlets and to members of the public. Specifically Defendant Lucido's above described comments about Plaintiff's hearing disability rendering him less able to perform his job duties and about his sexual orientation rending which are false and were published to news media outlets and to members of the public.

35. On June 6, 2023, Plaintiff through undersigned counsel served a letter by Certified Mail upon Defendants requesting retraction of the false statements made about Plaintiff and his characteristics and his skills, abilities, and aptitude to perform as a prosecutor as well as requesting a retraction of all other slanderous or defamatory statements.

36. Defendants declined/refused the opportunity to do so to date.

37. In performing the above-described actions, Defendant Peter Lucido purported to act as agent/servant/representative on behalf of and with the authority of Defendant Macomb County. Defendant Macomb County otherwise empowered Defendant Lucido to perform the actions described above and conversely Defendant Lucido used the authority of Defendant Macomb County to cause damage Plaintiff in the manner described above.

38. At all times relevant to the actions described above, Defendants acted with malice, in bad faith, and without justification. Defendants knew that their slanderous and discriminatory statements against Plaintiff were false and/or acted with reckless disregard to their falsity.

39. Plaintiff filed an EEOC complaint alleging discrimination based on real or perceived sexual orientation and real or perceived disability. Plaintiff received a Right to Sue letter. **EXHIBIT 3**.

V. **CAUSES OF ACTION**

COUNT I - Violation of Title VII of the Civil Rights Act of 1964. 42 USC § 2000e (as to all Defendants)

40. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

41. In *Bostock v. Clayton County*, 590 U.S. ___ (2020), the United States Supreme Court held that discrimination based on sexual orientation is a form of sex discrimination and is therefore prohibited under the Civil Rights Act.

42. Defendant Lucido expressed his view that Plaintiff is a homosexual and thus an undesirable candidate to at least two Macomb County Assistant Prosecuting Attorneys.

43. Therefore, Defendants effectively and collectively discriminated against Plaintiff based on his perceived sexual orientation in the hiring process.

44. At all times relevant hereto, Defendant Macomb County otherwise empowered Defendant Lucido to perform the actions described above and conversely Defendant Lucido used the authority of Defendant Macomb County to cause damage Plaintiff in the manner described above.

COUNT II - Violation of the Americans with Disabilities Act (ADA) (as to all Defendants)

45. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

15. The ADA prohibits discrimination against individuals with disabilities in the workplace and hiring process.

16. Plaintiff's disability does not affect his ability to appear in court of carryout any duties of an Assistant Prosecuting Attorney. Plaintiff did not request and accommodation nor did Plaintiff's disability come up during the interview process.

17. Upon information and belief, Plaintiff has won more felony trials than Defendant Lucido or any of the candidates selected instead of Plaintiff.

18. Defendants discriminated against Plaintiff based on his disability in the hiring process, in violation of the ADA.

19. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer damages, including but not limited to emotional distress, loss of reputation, and loss of opportunity for career advancement.

20. Defendant Macomb County otherwise empowered Defendant Lucido to perform the actions described above and conversely Defendant Lucido used the authority of Defendant Macomb County to cause damage Plaintiff in the manner described above.

COUNT III - Violation of Michigan's Persons with Disabilities Civil Rights Act (PWDCRA) (State Law Claim) (as to all Defendants)

21. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

22. The PWDCRA prohibits discrimination against individuals with disabilities in the workplace and hiring process.

23. Defendant Lucido discriminated against Plaintiff based on his real or perceived disability in the hiring process, in violation of the PWDCRA.

24. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer damages, including but not limited to emotional distress, loss of reputation, and loss of opportunity for career advancement.

25. Defendant Macomb County otherwise empowered Defendant Lucido to perform the actions described above and conversely Defendant Lucido used the authority of Defendant Macomb County to cause damage Plaintiff in the manner described above.

COUNT IV - Violation of the Elliott-Larsen Civil Rights Act (Act 453 of 1976) (State Law Claim) (as to all Defendants)

26. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

27. The Elliott-Larsen Civil Rights Act prohibits discrimination based on race, color, religion, sex, national origin, age, height, weight, familial status, or marital status in employment.

28. On May 21, 2018, the Michigan Department of Civil Rights issued interpretive statement 2018-1 defining sex as used in the Elliott-Larsen Civil Rights Act to include sexual orientation.[1]

29. In *Rouch World, LLC v Department of Civil Rights*, 510 Mich. 398 (2022), the Michigan Supreme Court held that sex includes sexual orientation under the Elliott-Larsen Civil Rights Act.

30. At all material times Plaintiff was an applicant for employment and Defendants were his prospective employers, covered by and within the meaning of the Elliot-Larsen Civil Rights Act, MCL § 37.2101, et seq. (the "ELCRA").

---

1 *Available at* https://www.michigan.gov/-/media/Project/Websites/mdcr/mcrc/interpretive-statements/2018/meaning-of-sex.pdf?rev=c5ef0e9276a44504b857435423cb887c

31. Defendant discriminated against Plaintiff based on his real or perceived sexual orientation and marital status in the hiring process, in violation of the Elliott-Larsen Civil Rights Act.

32. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer damages, including but not limited to emotional distress, loss of reputation, and loss of opportunity for career advancement.

46. Defendant Macomb County otherwise empowered Defendant Lucido to perform the actions described above and conversely Defendant Lucido used the authority of Defendant Macomb County to cause damage Plaintiff in the manner described above.

COUNT V - Slander (State Law Claim) (as to all Defendants)

33. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

34. Defendant Lucido made false and defamatory statements about Plaintiff's ability to perform his job duties, his sexual orientation, his disability, his familial status, and other characteristics during or after the hiring process, which caused harm to Plaintiff's reputation and standing in the legal community.

35. Defendant Lucido's false and defamatory statements were made with actual malice or reckless disregard for the truth.

36. As a direct and proximate result of Defendant Lucido's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including but not limited to emotional distress, loss of reputation, and loss of opportunity for career advancement.

37. Defendant Macomb County otherwise empowered Defendant Lucido to perform the actions described above and conversely Defendant Lucido used the authority of Defendant Macomb County to cause damage Plaintiff in the manner described above.

COUNT VI- Tortious Interference with a Contract or Advantageous Business Relationship or Expectancy (as to Defendant Lucido in his personal capacity only)

(State Law Claim)

38. Plaintiff repeats and realleges all paragraphs set forth above with the same force and effect as though set forth in full herein.

39. Defendant Lucido, in both his official and individual capacities, slandered and unlawfully discriminated against Plaintiff as described above.

40. Defendants acted with malice, in bad faith, and without justification. Defendants knew that their allegations against Plaintiff were false and/or acted with reckless disregard to their falsity.

41. Defendants' false accusations against Plaintiff were made to the administration of Macomb County and the Prosecutor's Office, with whom Plaintiff has a contract or business relationship or expectancy.

42. As set forth above, Defendants took affirmative actions that demonstrate their unlawful purpose and improper motives, including but not limited to colluding to make false allegations about Plaintiff's ability to perform his job duties, his sexual orientation, his disability, his familial status, and other characteristics in order to damage or end his business relationship with the County, and making oral statements indicating malicious intent to deny Plaintiff employment, as set forth above.

43. The business relationship and/or expectancies had a reasonably likelihood of future economic benefit for Plaintiff.

44. Defendants knew of the contracts and/or business relationships and/or expectancies between Plaintiff, Macomb County, and the Macomb County Prosecutor's Office.

45. By the conduct as described above, Defendants intentionally and improperly interfered with the contracts and/or business relationships and/or expectancies between Plaintiff, Macomb County, and the Macomb County Prosecutor's Office.

46. Defendants' conduct was intended to, and did, interfere with the contracts and/or business relationships and/or expectancies between Plaintiff, Macomb County, and the Macomb County Prosecutor's Office.

47. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered economic injuries including the loss of future employment; lost pay

and benefits, loss of goodwill, harm to his professional reputation, loss of esteem and standing in the community, and loss of business opportunities.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' conduct as set forth herein violates the Civil Rights Act of 1964, the Elliott-Larsen Civil Rights Act, the Americans with Disabilities Act, the Persons With Disabilities Civil Rights Act, state slander laws, and state tort law;

B. Award Plaintiff compensatory damages for lost wages, lost profits, direct damages, economic loss, emotional distress, loss of reputation, and loss of opportunity for career advancement;

C. Grant Plaintiff such other and further relief as the Court deems just and proper, including but not limited to attorneys' fees, costs, punitive damages, and pre-judgment and post-judgment interest.

    Respectfully Submitted:

*Shawn Desai*

Shawn L. Desai, Managing Attorney
Desai Legal Services PLLC
6450 Maple Road
West Bloomfield, Michigan 48322
Cell: (810)-355-6134
Shawn@DesaiLegalServices.com