## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

BENJAMIN DENEWETH §
Plaintiff, §
§
vs. §
§          CIVIL ACTION NO. 2:23-cv-11545
§          Hon. Linda V. Parker
COUNTY OF MACOMB, a political §          Mag. Anthony P. Patti
   subdivision and PETER LUCIDO §
   in his individual capacity and §
   separately in his official capacity §
§
§
Defendants. §
§
§
§

## <u>MOTION TO COMPEL DISCOVERY</u>

Plaintiff, Benjamin Deneweth, through his undersigned counsel, hereby moves this Court for an order compelling Defendants Peter Lucido and Macomb County (collectively, "Defendants") to provide complete and adequate responses to Plaintiff's First Set of Interrogatories and Requests for Production, pursuant to Federal Rule of Civil Procedure 37. Despite efforts to confer and remedy deficiencies without court action, Defendants have failed to comply fully with the Federal Rules of Civil Procedure, providing evasive, incomplete, and non-substantive responses to discovery requests critical to Plaintiff's case. This motion is supported by the accompanying brief and is made for the following reasons:

1. **Necessity of Complete Discovery**: The discovery sought by Plaintiff is essential for the adjudication of claims involving allegations of discrimination based on sexual orientation and hearing disability, directly impacting the fairness and legality of the hiring process under Defendant Lucido's supervision.

2. **Deficiencies in Responses**: Defendants' responses to interrogatories and requests for production are deficient, failing to provide necessary detail and specificity required under Federal Rules of Civil Procedure 33 and 34, and effectively hindering the discovery process essential for Plaintiff's preparation of the case.

3. **Interrogatory Deficiencies:**

    a) **Interrogatory No. 1** requested specific details regarding Defendant Lucido's comments about Como's Pizza and a problematic Zoom link. Defendant's vague response omitted crucial details such as the identities of the individuals present and the exact timing of these comments, violating FRCP 33(b)(3)'s requirement for full, written, and sworn answers.

    b) **Interrogatory No. 2** sought information about discussions on the Assistant Prosecuting Attorney applicants. Defendant's general statement about discussions with various office chiefs and APAs lacked the specificity mandated by FRCP 33, failing to name the "other APAs"

1

or provide precise dates and content of these discussions, which are vital
to contextualize discussions about Plaintiff's candidacy.

c) **Interrogatories Nos. 3 and 9** inquired into details of conversations
regarding Plaintiff's application and perceived personal characteristics.
Defendant's responses were marked by boilerplate and duplicative
objections, a direct contravention of the directive against such objections
as outlined in *Siser N. Am., Inc. v. Herika G. Inc.,* 325 F.R.D. 200, 209–
10 (E.D. Mich. 2018). This lack of substantive reply effectively withholds
information essential to establishing the context of Defendant's
discriminatory bias.

d) **Interrogatory No. 9,** much like Nos. 1, 2, and 3, suffered from a failure
to provide specifics on communications concerning Plaintiff's
application, particularly flouting the directive for detailed answers to
enable a clear understanding of the potential discriminatory motives
affecting the hiring process.

e) **Interrogatories Nos. 14 and 25** were met with responses that
neglected the expansive scope of discovery permissible under FRCP
26(b), essential for uncovering evidence of other acts of discrimination
to demonstrate the employer's intent.

4. **Requests for Production Deficiencies:**

a) **RFP Nos. 4-17 and 20-41** were met with broad claims of privilege
and/or proportionality without the accompaniment of a privilege log as

2

mandated by FRCP 26(b)(5). This blanket objection fails to meet the requirements for a legitimate claim of burden under the Rules, impeding the discovery of evidence relating to other instances of discrimination which is crucial for establishing Defendant's intent.

5. **Request to Admit Deficiencies:**

    a) **RTA No. 14** was deficient as it neither acknowledged nor denied essential elements of the request pertinent to discussions about Plaintiff's candidacy. This omission, coupled with unfounded objections and failure to provide a privilege log, signifies a disregard for the specificity demanded by FRCP 33 and undermines the discovery process integral to elucidating Defendant Lucido's decision-making biases.

6. **Failure to Provide Justification**: Defendants have not substantiated their broad claims of privilege and/or proportionality with the required privilege log or sufficient evidence, as mandated under Federal Rule of Civil Procedure 26(b)(5).

7. **Violation of Procedural Rules**: Defendants' evasive or incomplete disclosures, answers, or responses constitute a failure to disclose, answer, or respond under Federal Rule of Civil Procedure 37(a)(4), warranting court intervention to compel discovery.

8. **Proportionality and Relevance**: The discovery requested by Plaintiff is proportional to the needs of the case, considering the importance of the issues at stake, the relative access to relevant information, the resources of the

3

parties, and the significance of the discovery in resolving the core issues, in accordance with the standards set forth under Federal Rule of Civil Procedure 26(b)(1).

WHEREFORE, Plaintiff respectfully requests that this Court enter an order compelling Defendants to provide complete and adequate responses to Plaintiff's First Set of Interrogatories and Requests for Production, and for such other and further relief as the Court deems just and proper.


Respectfully Submitted:

Shawn L. Desai, Managing Attorney
Desai Legal Services PLLC
6450 Maple Road
West Bloomfield, Michigan 48322
Cell: (810)-355-6134
Shawn@DesaiLegalServices.com


**CERTIFICATE OF SERVICE**

I hereby certify that on March 19th 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF filing system which will forward notification of such filing to the following:  all counsel of record; I further certify that I have caused the paper to be sent by United States Postal Service mail to the following non ECF participant:  None.

By:

Shawn L. Desai, Managing Attorney
Desai Legal Services PLLC
6450 Maple Road
West Bloomfield, Michigan 48322
Cell: (810)-355-6134

## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| BENJAMIN DENEWETH | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 2:23-cv-11545 |
| | § | Hon. Linda V. Parker |
| COUNTY OF MACOMB, a political | § | Mag. Anthony P. Patti |
| subdivision and PETER LUCIDO | § | |
| in his individual capacity and | § | |
| separately in his official capacity | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY

### Introduction

This matter arises from the employment discrimination lawsuit filed by Plaintiff Benjamin Deneweth against Defendant Peter Lucido, wherein Plaintiff alleges discrimination based on sexual orientation and hearing disability, in violation of Title VII of the Civil Rights Act and the Americans with Disabilities Act, among other claims. As part of the discovery process, Plaintiff served Defendant with a First Set of Interrogatories, Requests for Production, and Requests to Admit on December 8, 2023. Responses were received on January 26, 2024, which, upon review, revealed several significant deficiencies. These deficiencies not only contravene the Federal Rules of Civil Procedure, specifically Rule 37 regarding complete answers to

6

interrogatories and Rule 34 concerning requests for production but also impede the Plaintiff's ability to construct a comprehensive case narrative.

Interrogatories directed to Defendant sought detailed information regarding comments made by Lucido that may indicate discriminatory bias or intent. However, responses were marked by vagueness, particularly regarding the context and recipients of alleged comments, as well as discussions about Plaintiff's candidacy with various office personnel. Despite the clear requirements of FRCP 33(b)(3) for full and under-oath answers, Defendant's responses lacked the specificity necessary to shed light on the decision-making process that led to Plaintiff's non-selection for the Assistant Prosecuting Attorney position.

Further, the Defendant's responses to Requests for Production demonstrated a broad invocation of privilege and proportionality without the requisite support of a privilege log, contrary to FRCP 26(b)(5). These requests were critical in seeking evidence of any discriminatory acts or practices by Defendant, admissible to establish intent to discriminate as permitted under prevailing jurisprudence.

Plaintiff's efforts to obtain discovery are underscored by the principles of proportionality as enshrined in FRCP 26(b)(1). The importance of the issues at stake—allegations of employment discrimination in a public office—demands thorough judicial scrutiny, given the philosophic, social, and institutional significance of ensuring a discrimination-free workplace. Moreover, the amount in controversy,

while not purely monetary, concerns the rectification of alleged discriminatory practices, emphasizing the discovery's value beyond cost considerations.

The relative access to relevant information heavily favors the Defendant, who possesses direct knowledge and control over the materials requested. This "information asymmetry" places an undue burden on Plaintiff to prove allegations without access to potentially corroborative evidence, thereby warranting a judicial intervention to ensure equity in the discovery process.

Regarding the parties' resources, it is evident that the Defendant, backed by the resources of a public office, possesses the means to comply with the discovery requests without undue hardship. In contrast, the Plaintiff seeks access to information critical to the heart of the litigation—allegations of discriminatory hiring practices, which lie squarely at the core of this lawsuit. Thus, the significance of the requested discovery in resolving the central issues of this case cannot be overstated.

In balancing the cost of discovery against its likely evidentiary benefit, the scales tip decidedly in favor of compelling the Defendant to provide complete responses. The information sought is essential for the Plaintiff to substantiate claims of discrimination, offering a potential to unlock insights into Defendant's alleged discriminatory biases and practices. Thus, the evidentiary value of the requested documents and information far outweighs any purported burden on the Defendant, aligning with the principles of fairness and justice at the heart of the discovery process.

Given the outlined deficiencies and the principles guiding proportional discovery, Plaintiff respectfully seeks judicial intervention to compel the Defendant to cure the identified deficiencies in responses to Interrogatories and Requests for Production, as delineated in the deficiency letter dated February 9, 2024. This motion is made in good faith, with the aim of securing the evidence necessary to diligently prosecute Plaintiff's claims and ensure that the merits of the case are adjudicated on a complete and accurate factual record.

### SPECIFIC DEFICIENCIES OF DEFENDANT'S RESPONSES

**Interrogatory No. 1: Specific Comments Regarding Plaintiff**

- **Request Sought**: Detailed description of any comments made by the Defendant about Plaintiff's personal characteristics, including residency, sexual orientation, and hearing disability.

- **Deficiency in Response**: The Defendant's objection claims the interrogatory is based on a false premise and assumes facts not in evidence, labeling it as vague and ambiguous. Despite this, the Defendant admits to making no comments regarding Plaintiff's specified personal characteristics but mentions discussing Como's Pizza in Ferndale and communication difficulties due to a poor Zoom link. The response fails to directly address the inquiry into discriminatory comments or provide details about the context or recipients of the mentioned comments, rendering it inadequate for assessing claims of discrimination.

**Interrogatory No. 2: Discussion of Deneweth's Candidacy**

- **Request Sought**: Explanation of discussions regarding Benjamin Deneweth's candidacy, including participants and substance of these discussions.

- **Deficiency in Response**: Defendant's objections include assumptions of facts not in evidence and claims of vagueness. The response mentions general discussions with various office positions about applicants' employment, work experience, and residency. However, it lacks specificity regarding the content of conversations about Plaintiff, failing to clarify whether Plaintiff's candidacy

was discussed in a discriminatory context or to identify the individuals involved in these discussions.

## Interrogatory No. 3: Statements Made to Other APAs About Deneweth

- **Request Sought**: Descriptions of statements made to Assistant Prosecuting Attorneys about Benjamin Deneweth, particularly regarding his perceived sexual orientation or hearing disability.

- **Deficiency in Response**: The Defendant's response reiterates objections from Interrogatory No. 2 and references the answer to that interrogatory without providing any new information. This deflective response does not address the request for specific instances of discussion about Plaintiff's perceived sexual orientation or hearing disability, crucial for establishing a pattern or presence of discriminatory behavior.

## Interrogatory No. 9: Communications Regarding Deneweth's Application

- **Request Sought**: Description of all communications regarding Benjamin Deneweth's application, emphasizing comments on his qualifications, personal traits, or suitability.

- **Deficiency in Response**: The Defendant refers to the objections and answers provided to Interrogatories No. 2 and 3 without adding any new details. Mentioning "my notes regarding Mr. Deneweth's application" without elaboration or production of these notes does not satisfy the request for comprehensive details about communications concerning the Plaintiff's application, especially regarding discriminatory remarks or assessments.


## Interrogatory No. 25: Previous Instances of Similar Conduct

- **Request Sought**: Detailed information regarding any previous instances where Defendant's comments or actions were perceived or alleged to be discriminatory against individuals based on personal characteristics.

- **Deficiency**: The Defendant objected to the interrogatory on grounds of relevance, proportionality, and vagueness. Despite acknowledging no awareness of similar misconduct, the response fails to provide any specific details or examples, which are crucial for establishing a pattern of behavior relevant to Plaintiff's claims.

## Request for Production No. 4: "Double-D" Communications

- **Request Sought**: All communications regarding the employee nicknamed "Double-D" as referred in the Butzel Long Investigative Report, including discussions about the nickname and its context.

- **Deficiency**: Defendant objected based on relevance, proportionality, and privilege without providing a privilege log or specific reasons why such communications, potentially evidencing discriminatory behavior or workplace culture, would not be relevant to the claims or defense.

### Request for Production No. 5: "Kicking up Smoke" Incident

- **Request Sought**: Communications regarding the incident referred to as "kicking up smoke," including discussions about the incident, the employee involved, and actions taken in response.

- **Deficiency**: The response was an objection on similar grounds as RFP No. 4, lacking a privilege log and failing to explain the irrelevance of an incident potentially reflecting on Defendant's behavior towards employees, which is directly related to the lawsuit's subject matter.

### Request for Production No. 6: "His Ladies" Communications

- **Request Sought**: All communications regarding the use of the term "his ladies," its context, and any related actions or discussions.

- **Deficiency**: Again, the objection was on the grounds of relevance and proportionality, with no detailed explanation provided on why communications potentially demonstrating sexist attitudes are considered irrelevant to a case alleging discrimination.

### Request for Production No. 7: "Black APA" Assignment Communications

- **Request Sought**: Communications about the assignment of a "black APA" to the warrant division, including reasons for the assignment and any related discussions.

- **Deficiency**: Defendant's objection mirrors those for previous requests, not addressing how documentation of potentially racially motivated assignment decisions wouldn't bear relevance to allegations of discriminatory practices.

### Request for Production Nos. 8-11: Communications Regarding Individuals

- **Requests Sought**: Communications related to Allison Donahue, State Senator Mallory McMorrow, lobbyist Melissa Osborn, and Judge Lisa McCormick, all of whom have made allegations against the Defendant or were involved in controversial incidents.

11

- **Deficiency**: Each request was met with objections for irrelevance and disproportionality without considering the significance of the Defendant's interactions with these individuals, which could illuminate patterns of conduct or attitudes pertinent to the Plaintiff's allegations.

In each of these deficiencies, the Defendant's responses avoid engaging with the specifics of the requests, leveraging broad objections that hinder the Plaintiff's ability to gather evidence critical for substantiating claims of discriminatory behavior and workplace culture under Defendant's influence. The failure to provide detailed responses or justify objections with specific, applicable reasoning leaves substantial gaps in the discovery process, directly impacting the Plaintiff's capacity to build a coherent case.

**Request to Admit No. 14** asks the Defendant to admit or deny whether discussions about Plaintiff's application for an Assistant Prosecuting Attorney position with Macomb County occurred with individuals not employed by Macomb County. This inquiry is straightforward in its aim to establish whether external discussions that could impact or reflect upon the hiring process took place.

**Deficiency in Response:**

1. **Vagueness and Ambiguity**: The Defendant claims the request is vague, ambiguous, and ill-defined, which is a broad objection that does not specify what aspects of the request are unclear. This general objection does not directly address the straightforward nature of the inquiry—whether discussions happened or not, which does not inherently require complex definitions or contexts to respond accurately.

2. **Lack of Content and Context**: The objection that the request lacks content and context is not substantiated within the response. The question is specific in its scope, focusing on discussions about a particular application with a defined group of individuals (those not employed by Macomb County). The specificity of the request counters the claim of lacking content and context.

3. **Invasion of Privileges**: The Defendant objects based on an alleged invasion of attorney-client and attorney work product privileges. However, the request simply asks for an acknowledgment of whether discussions occurred, not the substance of those discussions that could potentially be privileged. This objection seems overly broad and not directly applicable to the simple confirmation or denial of the fact of discussion.

4. **Relevance and Proportionality**: The objection states that the request is not relevant to any claim or defense and is not proportional to the needs of the case, as defined by FRCP 26(b)(1). This objection overlooks the potential relevance of external discussions to the claims of discriminatory hiring practices, which could illuminate biases or influences in the decision-making

process. The claim of disproportionality also fails to acknowledge that confirming the existence of such discussions requires minimal effort and does not impose a significant burden on the Defendant, making it proportional to the needs of exploring relevant facts in the case.

**Overall Deficiency Summary**: Across these interrogatories, the Defendant consistently objects based on premises of vagueness, ambiguity, and assumptions of non-evidenced facts, which strategically avoids direct answers. The responses lack the specificity and directness required to assess claims of discriminatory behavior and practices, particularly failing to detail the context, content, and participants of discussions regarding the Plaintiff. Such deficiencies obstruct the Plaintiff's ability to gather evidence essential for substantiating claims of discrimination, directly impacting the fairness and comprehensiveness of the discovery process.

## Legal Standards

### I. Federal Rule of Civil Procedure 37

Federal Rule of Civil Procedure 37 provides the framework for a party to file a motion to compel discovery when another party has failed to respond adequately to discovery requests. This rule is essential for enforcing the discovery rights granted under the Federal Rules of Civil Procedure and ensuring that litigation proceeds with the full information necessary for fair adjudication. Specifically, FRCP 37 addresses:

1. **Motion for an Order Compelling Disclosure or Discovery (FRCP 37(a))**: This section allows a party to move for an order compelling disclosure or discovery after conferring or attempting to confer with the other party to obtain the disclosure or discovery without court action.

2. **Sanctions (FRCP 37(b))**: The rule authorizes the court to impose sanctions if a party fails to obey an order to provide or permit discovery, including striking pleadings, dismissing the action, rendering a default judgment, or treating the failure as contempt of court.

3. **Failure to Disclose, to Supplement an Earlier Response, or to Admit (FRCP 37(c))**: This portion of the rule deals with the non-disclosure or inadequate supplementation of responses or failure to admit, allowing the court to prohibit the use of undisclosed information or to impose other sanctions.

   Importantly, the Sixth Circuit in applying FRCP 37(c) has held that "When "a party fails to provide information . . . the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). *See Bessemer Lake Erie v. Seaway Marine Trans*, 596 F.3d 357 (6th Cir. 2010). In *Bessemer*, the Plaintiff was not allowed to withhold discovery and attempt to "justify its actions on the ground that it was merely waiting for a protective order before turning over what Seaway needed." *Id.*

4. **Party's Respond to a Request for Inspection (FRCP 37(d))**: This section authorizes sanctions for a party's failure to aserve answers to interrogatories, or respond to a request for inspection.

The application of Rule 37 is particularly pertinent in this case, where Defendants have failed to provide substantive responses to Interrogatories and Requests for Production, effectively hindering the discovery process.

## II. Proportionality and the Scope of Discovery (FRCP 26(b)(1))

The scope of discovery under FRCP 26(b)(1) is broad, allowing parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

defense and proportional to the needs of the case. *Fears v. Kasich* (In re Ohio Execution Protocol Litig.), 845 F.3d 231 (6th Cir. 2016). The relevance is construed broadly to cover any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. In fact, "[u]nless the requested documents are either irrelevant or privileged," a party is entited to production under F.R.C.P. 26(b)(1). *United States v. Leggett Platt, Inc.*, 542 F.2d 655 (6th Cir. 1976). However, discovery is not without limits; it must remain proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id*.

### III. Evasive or Incomplete Responses (FRCP 37(a)(4))

Under FRCP 37(a)(4), if a party provides an evasive or incomplete disclosure, answer, or response, it is to be treated as a failure to disclose, answer, or respond. See e.g. *Nusbaum v. Enlighten Family Chiropractic, LLC,* 19-cv-10223 (E.D. Mich. Jan. 19, 2023). This is relevant in the current case where Defendants' responses have been largely evasive or conclusory, failing to provide the detailed information required to shed light on the decisions and actions leading to the account closures.

The rule emphasizes the need for balance between the benefit of obtaining the information and the burden or expense of providing it, considering the importance of the issues at stake, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs

its likely benefit. The Plaintiffs' requests for discovery are squarely within the scope of this provision, seeking pertinent information necessary to establish the facts and circumstances surrounding the Defendants' actions.

## PROPORATIONALITY FACTORS

Proportionality is assessed under the six factors enunciated in FRCP 26(b)(1). *See Oxbow Carbon & Minerals LLC v. Union Pac. R.R. Co.*, 322 F.R.D. 1, 6 (D.D.C. 2017).

### (1) First Factor: The importance of the issues at stake in this action

This first Rule 26 factor calls for the Court to "examine[] 'the significance of the substantive issues [at stake in the litigation], as measured in philosophic, social, or institutional terms.'" *BlueAlly,* 2017 U.S. Dist. LEXIS 30558, 2017 WL 876266, at *4 (*quoting* Fed. R. Civ. P. 26 advisory committee's note). For example, courts should carefully scrutinize discovery requests in "cases in public policy spheres, such as employment practices, free speech, and other matters," which often "seek[] to vindicate vitally important personal and public values" and "may have importance far beyond the monetary amount involved." Fed. R. Civ. P. 26 advisory committee's note. *Oxbow Carbon & Minerals LLC v. Union Pac. R.R. Co.,* 322 F.R.D. 1, 7 (D.D.C. 2017). "Generally, an action to vindicate a citizen's civil rights is considered of high importance." *Cratty v. City of Wyandotte,* 296 F. Supp. 3d 854, 860 (E.D. Mich. 2017) (citing Hon. Elizabeth D. Laporte, Jonathan M. Redgrave, *A Practical Guide to Achieving Proportionality Under New Federal Rule of Civil Procedure* 26, 9 Fed. Cts. L. Rev. 19, 61 (2015)).

**(2) Second Factor: the amount in controversy**

Under the second proportionality factor, courts should "compare[] the cost of discovery to the amount in controversy to determine [the proposed discovery's] proportionality." Id. (*citing Bell*, 2016 U.S. Dist. LEXIS 4643, 2016 WL 162991, at *3).

**(3) Third Factor: The parties' relative access to relevant information;**

In considering this factor, courts look for "information asymmetry"—a circumstance in which one party has very little discoverable information while the other party has vast amounts of discoverable information. *See* Fed. R. Civ. P. 26 advisory committee's notes. In such a case, "the burden of responding to discovery lies heavier on the party who has more information, and properly so." *Id.*

**(4) Fourth Factor: The parties' resources**

This factor analyzes whether a party has the financial and other resources to respond to the requests. *See id.*

**(5) Fifth Factor: The importance of the discovery in resolving the issues**

This fifth factor requires courts to determine whether "[t]he issues at stake are at the very heart of [the] litigation." *Labrier v. State Farm Fire and Casualty Co.*, 314 F.R.D. 637, 643 (W.D. Mo. 2016); *see also BlueAlly*, 2017 U.S. Dist. LEXIS 30558, 2017 WL 876266, at *5 (looking at whether "this discovery request goes to a central issue or a side one").

**(6) Sixth Factor: Whether the burden or expense of the proposed discovery outweighs its likely benefit."**

This is largely a balancing test between the cost of discovery and the evidentiary benefit. *See Oxbow Carbon & Minerals, supra* at 9 (D.D.C. 2017).

**Argument**

Under Federal Rule of Civil Procedure 37 (FRCP 37), this motion seeks to compel the Defendant to provide adequate responses to the Plaintiff's discovery requests. These requests aim to obtain information crucial for the Plaintiff's discrimination claims. Despite multiple attempts to confer with the Defendant to resolve these deficiencies without court intervention, as encouraged by FRCP 37(a), the responses remain unsatisfactory. This noncompliance necessitates judicial intervention to ensure the litigation progresses with the full and fair exchange of information.

Specifically, the Defendant's responses have been evasive and incomplete, directly contravening FRCP 37(a)(4), which mandates that any evasive or incomplete disclosure be treated as a failure to respond. For example, in Interrogatory No. 1, the Plaintiff sought detailed information on any comments the Defendant made regarding Plaintiff's personal characteristics. The Defendant's response was not only non-responsive but also obfuscated the request's purpose by diverting attention to unrelated subjects. Such a response deprives the Plaintiff of evidence potentially demonstrating the Defendant's discriminatory motives or biases, directly impacting the case's core issues.

Similarly, Requests for Production Nos. 4-17 and 20-41 exemplify the Defendant's blanket objections on the grounds of relevance and proportionality

without providing a privilege log, as mandated by FRCP 26(b)(5). This general objection fails to acknowledge the broad scope of discovery permitted under FRCP 26(b)(1), which allows for the discovery of any nonprivileged matter relevant to a party's claim or defense, and directly relevant information in this case regarding alleged discriminatory practices. The Defendant's refusal to produce these documents, especially without the requisite specificity in their objections or the provision of a privilege log, significantly hinders the Plaintiff's ability to construct a factual basis for the claims.

## PROPORTIONALITY OF DISCOVERY SOUGHT

**First Factor: The Importance of the Issues at Stake in this Action**

The substantive issues at the heart of this litigation—allegations of discriminatory hiring practices based on sexual orientation and disability—embody significant social, institutional, and philosophical implications. As underscored by "BlueAlly, 2017 U.S. Dist. LEXIS 30558, 2017 WL 876266, at *4," courts must scrutinize discovery requests in matters involving fundamental public policy issues. Given the gravity of the allegations and their potential impact beyond the monetary stakes involved, the discovery sought is critical for vindicating the important personal and public values at stake. See "Oxbow Carbon & Minerals LLC v. Union Pac. R.R. Co., 322 F.R.D. 1, 7 (D.D.C. 2017)."

**Second Factor: The Amount in Controversy**

While the cost of discovery must be balanced against the amount in controversy ("Bell, 2016 U.S. Dist. LEXIS 4643, 2016 WL 162991, at *3"), it is essential to

recognize that the value of rectifying alleged discriminatory practices transcends any quantifiable monetary amount. The potential for legal and societal impact justifies the discovery sought, making it proportionate to the needs of the case.

**Third Factor: The Parties' Relative Access to Relevant Information**

The asymmetry in information access between the parties is starkly evident. Defendant, having been intricately involved in the alleged discriminatory hiring practices, holds exclusive access to communications, internal memos, and other documents that can either substantiate or refute the claims made by the Plaintiff. These include discussions about Plaintiff's application, perceived personal characteristics, and any statements or actions taken by the Defendant that may reflect a pattern of discrimination. This disparity in information access severely handicaps the Plaintiff's ability to present a comprehensive case, highlighting the essential nature of compelling discovery to ensure a level playing field. The Defendant's unique position as the gatekeeper to this information underscores the justice system's role in rectifying such imbalances, ensuring that critical, case-defining evidence is accessible for examination.

**Fourth Factor: The Parties' Resources**

Considering the resources available to the parties, it is evident that the Defendant, having the institutional backing and the associated resources, is in a better position to comply with the discovery requests. The cost and effort involved in providing the requested documents and responses do not pose an undue burden on

the Defendant, especially given the public interest and the implications of the case's outcome.

**Fifth Factor: The Importance of the Discovery in Resolving the Issues**

The discovery requests targeted towards unveiling the Defendant's comments and actions concerning the Plaintiff's candidacy are central to establishing the motive and context behind the hiring decisions. The responses to Interrogatories Nos. 1, 2, 3, and 9, for example, seek to clarify the Defendant's perceptions and actions, which are alleged to be discriminatory. Without this information, the Plaintiff's claims remain speculative. The essence of these discovery requests transcends mere fact-finding; they aim to uncover the underlying attitudes and biases that could have influenced Defendant's decision-making processes. In a case where the allegations revolve around discriminatory behavior, understanding these nuances is indispensable for adjudicating the claims fairly. As articulated in Labrier v. State Farm Fire and Casualty Co., 314 F.R.D. 637, 643 (W.D. Mo. 2016), discovery that probes into the core issues of the litigation is not only relevant but crucial.

**Sixth Factor: Whether the Burden or Expense of the Proposed Discovery Outweighs Its Likely Benefit**

Regarding the burden of discovery, it's essential to weigh the Defendant's efforts to compile and produce the requested documents against the discovery's potential to clarify or resolve central issues of the case. Given today's digital storage and communication methods, retrieving emails, memos, and text messages—even those spanning several years—is less onerous than in the pre-digital era. The cost

and effort involved in producing these documents are minimal, especially when measured against the discovery's potential benefit in shedding light on the Defendant's motivations and actions. This discovery could significantly impact the case's outcome by either corroborating or challenging the allegations of discrimination. Hence, the principle of proportionality, as discussed in "Oxbow Carbon & Minerals, supra at 9 (D.D.C. 2017)," firmly supports compelling the discovery requests. The substantial evidentiary value these documents and responses hold in unveiling the truth far outweighs any argued inconvenience or expense in their production, emphasizing the necessity and justification for their disclosure.

**Conclusion**

In conclusion, the Plaintiff respectfully requests that this Court recognize the deficiencies in the Defendant's responses to the discovery requests, which are critical to the Plaintiff's ability to prosecute this case effectively. The Defendant's failure to provide substantive answers and the production of documents, as mandated by the Federal Rules of Civil Procedure, particularly under FRCP 37 and FRCP 26, has unduly hindered the discovery process and, by extension, the fair resolution of this litigation. The information sought through these discovery requests is not only relevant but essential to the Plaintiff's ability to establish the factual basis of the claims of discrimination and to explore the Defendant's motives and intentions. The Defendant's evasive and incomplete responses have obstructed the Plaintiff's access to information that is pivotal to the heart of this litigation.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Grant this Motion to Compel and order the Defendant to provide full and complete responses to the Interrogatories Nos. 1, 2, 3, 9, 14, and 25, without evasions or objections that are not grounded in the actual privileges or protections afforded by law.

2. Order the Defendant to produce the documents requested in Requests for Production Nos. 4-17 and 20-41, providing a detailed privilege log where any claims of privilege are asserted, in compliance with FRCP 26(b)(5).

3. Impose appropriate sanctions on the Defendant pursuant to FRCP 37(b) for their failure to comply with the discovery obligations, including but not limited to, covering the costs and attorney's fees incurred by the Plaintiff in bringing this motion.

4. Grant such other and further relief as this Court deems just and proper.

Plaintiff asserts that compelling the Defendant to adhere to their discovery obligations is crucial for the integrity of this litigation process. Ensuring that discovery is conducted thoroughly and transparently is essential to upholding the principles of justice and fairness that underpin our legal system. The Plaintiff, therefore, earnestly seeks the Court's intervention to remedy the current deficiencies and to facilitate the progress of this case towards a just resolution.

Respectfully Submitted:

Shawn Dewar

23

Shawn L. Desai, Managing Attorney
Desai Legal Services PLLC
6450 Maple Road
West Bloomfield, Michigan 48322
Cell: (810)-355-6134
Shawn@DesaiLegalServices.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19th 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF filing system which will forward notification of such filing to the following:  all counsel of record; I further certify that I have caused the paper to be sent by United States Postal Service mail to the following non ECF participant:  None.

By: _Shawn Desai_
Shawn L. Desai, Managing Attorney
Desai Legal Services PLLC
6450 Maple Road
West Bloomfield, Michigan 48322
Cell: (810)-355-6134