UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN DENEWETH,

      Plaintiff,

                                      Case No. 23-cv-11545

v.                                    Honorable Linda V. Parker

PETER LUCIDO and
MACOMB COUNTY,

        Defendants.

_____/


## OPINION AND ORDER GRANTING DEFENDANT MACOMB COUNTY'S "MOTION TO DISMISS SPECIFIED CLAIMS" (ECF NO. 14)

This lawsuit arises from Plaintiff's application for employment as an assistant prosecuting attorney with Defendant Macomb County ("County"). Defendant Peter Lucido is, and at the relevant times was, the County Prosecutor. Plaintiff alleges that he was not hired for the position based on his real or perceived sexual orientation and disability, and that slanderous statements were made about him to justify the rejection. In a First Amended Complaint, Plaintiff asserts violations of Title VII of the Civil Rights Act of 1964 (Count I), the Americans with Disabilities Act (Count II), Michigan's Persons with Disabilities Civil Rights Act (Count III), Michigan's Elliott-Larsen Civil Rights Act (Count IV), as well as slander (Count V) and tortious interference with a contract or advantageous

business relationship or expectancy (Count VI).  (ECF No. 9.)  The title of

Plaintiff's claims reflect that all but Count VI are asserted against Lucido and the

County; however, the body of Count VI suggests that it too is asserted against both

defendants.

　　　The matter is presently before the Court on the County's "Motion to Dismiss

Specified Claims," specifically Plaintiff's slander and tortious interference claims.

(ECF No. 14.)  Plaintiff filed a response to the motion.  (ECF No. 16.)  The Court

is dispensing with oral argument because it will not aid in the disposition of the

motion.

## I.　　Applicable Standard

　　　The County styles its motion as one to dismiss pursuant to Federal Rules of

Civil Procedure 12(b)(6) and (c).  However, as the County answered Plaintiff's

Complaint (*see* ECF No. 12), the motion may be filed only as a motion for

judgment on the pleadings pursuant to Rule 12(c), *see Satkowiak v. Bay Cty.*

*Sheriff's Dep't*, 47 F. App'x 376, 377 n.1 (6th Cir. 2002) ("Technically, . . . the

[defendant's] motion to dismiss under Rule 12(b)(6) should be labeled as a Rule

12(c) motion for judgment on the pleadings since the [defendant] had already filed

an answer to the complaint."); *see also McGlone v. Bell*, 681 F.3d 718, 728 n.2

(6th Cir. 2012) (citing *Satkowiak*, 47 F. App'x. at 377 n.1); *Jenkins v. Livonia*

*Police Dep't*, No. 13-cv-14489, 2015 WL 5876750, at *2 (E.D. Mich. Oct. 7,

2015) (explaining that "a motion for judgment on the pleadings may not be made until after the pleadings (complaint, answer, and reply if ordered) are closed, while a motion to dismiss under Rule 12(b)(6) must be made prior to filing an answer"). This clarification is insignificant, however, as a Rule 12(c) motion is subject to the same standard of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Hindel v. Husted*, 875 F.3d 344, 346 (6th Cir. 2017) (citing *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008)).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668.  Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

3

## II.     Plaintiff's Factual Allegations

As relevant to the pending motion, Plaintiff alleges in his First Amended Complaint that he applied for an assistant prosecuting attorney position with the County Prosecutor's Office on July 13, 2021.  (ECF No. 9 at PageID. 96, ¶ 22.) There were three openings at the time.  (*Id.*)  Lucido and an employee from the County's human resources department interviewed Plaintiff for the position on July 22.  (*Id*. ¶ 23.)  During the interview, Lucido asked Plaintiff if he has a family and commented about Plaintiff's residency in Ferndale.  (*Id*. ¶¶ 24, 25.) Subsequent to the interview, Lucido made comments to two County assistant prosecutors suggesting that he believed Plaintiff is homosexual and, therefore, an undesirable candidate.  (*Id*. at PageID. 96-97, ¶ 26.)

Plaintiff did not get the job despite having more than a decade of experience prosecuting complex and serious cases as an assistant prosecuting attorney for Wayne County.  (*Id*. at PageID. 91, 97, ¶¶ 8, 27.)  Plaintiff later learned that Lucido made further comments about Plaintiff's real or perceived sexual orientation and a real or perceived disability during or subsequent to the hiring process.  (*Id*. at PageID. 97, ¶ 30.)  Plaintiff alleges that the "*County* facilitated the publishing of all of Defendant Lucido's comments about Plaintiff to news media outlets and to members of the public."  (*Id*. at PageID. 98, ¶ 34 (emphasis added).) Although Plaintiff's allegations are unclear as to how the County accomplished

4

this, it appears from Plaintiff's subsequent allegation that he is relying on *Lucido's* comments about Plaintiff's sexual orientation and disability to news media outlets and members of the public.  (*Id*.)

## III.   Applicable Law and Analysis

The County argues that it is immune from liability with respect to Plaintiff's slander and tortious interference claims pursuant to Michigan's Governmental Tort Liability Act ("GTLA"), Michigan Compiled Laws § 691.1407(1).

The GTLA provides that, unless otherwise excepted in the statute, "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." *Id*.  The express exceptions set forth in the GTLA are inapplicable here.[1]  "[T]he Michigan Supreme Court has instructed courts to construe exceptions to the GTLA narrowly." *Tompkins v. Crown Corr. Inc.*, 726 F.3d 830, 839 (6th Cir. 2013) (citing *Ross v. Consumers Power Co.*, 363 N.W.2d 641, 659-60 (Mich. 1984)).

As defined in the statute, the County is a governmental agency.  *See id*. § 691.1401(a), (e).  A "government function" is "an activity that is expressly or

---

[1] "The statutory exceptions to the governmental immunity provided to the state and its agencies are the highway exception, MCL 691.1402; the motor-vehicle exception, MCL 691.1405; the public-building exception, MCL 691.1406; the proprietary-function exception, MCL 691.1413; the governmental-hospital exception, MCL 691.1407(4); and the sewage-disposal-system-event exception, MCL 691.1417(2) and (3)."  *Odom v. Wayne Cnty.*, 760 N.W.2d 217, 227 n. 62 (Mich. 2008).

impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." *Id*. § 691.1401(b).  "The immunity granted by the statute to a municipality is based upon the general nature of the activity of its employees, rather than the specific conduct of its employees.'"  *Payton v. City of Detroit*, 536 N.W.2d 233, 241 (Mich. Ct. App. 1995) (citing *Smith v. Dep't of Public Health*, 410 N.W.2d 749, 779 (Mich. 1987), aff'd sub nom *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)); *see also Margaris v. Genesee Cnty.*, 919 N.W.2d 659, 668 (Mich. Ct. App. 2018) (quoting *Payton*, 536 N.W.2d at 241).  For example, in a case alleging that city police officers used excessive force, the city's immunity was based on "[t]he authority of the city's police officers to pursue, arrest[,] and detain those suspected of violating the laws" as opposed to the alleged unlawful force used when doing so.  *Payton*, 536 N.W.2d at 241 (internal citations omitted). The Michigan courts have explained that "to use anything other than the general activity standard would all but subvert the broad governmental immunity intended by the Legislature.  It would be difficult to envision a tortious act that is a governmental function."  *Id*. (quoting *Smith*, 410 N.W.2d at 779).

As County Prosecutor, Lucido "is the County's highest elected official" in the prosecutor's office and is vested with "[e]xecutive authority" which, pursuant to Michigan Compiled Laws § 691.1407(5), "means 'all authority vested [in him] by virtue of his . . . position in the executive branch.'"  *Bauer v. Saginaw Cnty.*,

6

641 F. App'x 510, 520 (6th Cir. 2016) (quoting *Petipren v. Jaskowski*, 833 N.W.2d 247, 257 (Mich. 2013)).  This authority encompasses overseeing and managing his office, including the hiring and firing of assistant prosecuting attorneys and other staff members.  *Id.* (citing Mich. Comp. Laws §§ 49.31, 49.36); *see also Bauer v. Cnty. of Saginaw*, 111 F. Supp. 3d 767, 784 (E.D. Mich. 2015) (citing Mich. Comp. Laws § 49.31), *aff'd* 641 F. App'x 510 (6th Cir. 2016).

To the extent that the statements by Lucido underlying Plaintiff's slander and tortious interference claims were made pursuant to the authority vested in him as County Prosecutor, the County is immune pursuant to the GTLA.  But even if Lucido was acting outside the scope of his executive authority, the County still cannot be held liable.  The Michigan Supreme Court has held that "[r]espondeat superior liability generally can be imposed *only where* the individual tortfeasor acted during the course of his or her employment and within the scope of his or her authority."  *Ross*, 363 N.W.2d at 663 (emphasis added); *see also Zsigo v. Hurley Med. Ctr.*, 716 N.W.2d 220, 223 (Mich. 2006) ("Under the doctrine of respondeat superior, the general rule is that an employer is not liable for the torts intentionally or recklessly committed by an employee when those torts are beyond the scope of the employer's business."); *Payton*, 536 N.W.2d at 242 (holding that "even if the officers were not engaged in the exercise of a governmental function within the

scope of their employment, the city is nonetheless entitled to immunity because it cannot be held liable for the intentional torts of its employees").

## IV.   Conclusion

For the reasons set forth above, the Court concludes that the County is entitled to judgment on the pleadings with respect to Plaintiff's slander and tortious interference claims.

Accordingly,

**IT IS ORDERED** that the County's "Motion to Dismiss Specified Claims" (ECF No. 14) is **GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 28, 2024