UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN DENEWETH,

    Plaintiff,

v.

    Case No. 23-cv-11545
    Honorable Linda V. Parker

PETER LUCIDO and
COUNTY OF MACOMB,

    Defendants.
_____/

## OPINION AND ORDER REJECTING PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE'S DECISION AND AFFIRMING DECISION

This lawsuit alleging sexual orientation and disability discrimination under federal and state law arises from Plaintiff's unsuccessful application for an assistant prosecuting attorney position with the Macomb County Prosecutor's Office. Plaintiff alleges that Defendant Peter Lucido, the Macomb County Prosecutor (hereafter "Defendant"), rejected his application due to Plaintiff's real or perceived sexual orientation (a gay man) and/or real or perceived disability (hearing issues). The matter is before the Court on Plaintiff's appeal (ECF No. 37) of a discovery decision issued by Magistrate Judge Anthony P. Patti on April 5, 2024 (ECF No. 34).

## Background

In the April 5 decision, Magistrate Judge Patti *inter alia* granted in part and denied in part Defendant's motion for a protective order with respect to two subpoenas Plaintiff issued to two non-parties. One subpoena is directed to the Butzel Long law firm, which

conducted an investigation into multiple workplace issues involving Defendant at the prosecutor's office ("Butzel Long Subpoena"). The second subpoena is directed to the Michigan State Senate, which investigated alleged sexual harassment or unwanted touching of a female senator, a *Michigan Advance* reporter, and a Michigan Credit Union League regulatory affairs specialist by Defendant when he served as a Michigan Senator ("Michigan Senate Subpoena"). (ECF No. 4.)

Magistrate Judge Patti limited Plaintiff's discovery with respect to the Michigan Senate Subpoena to non-public, non-privileged materials, involving allegations of discrimination in hiring, sexual orientation, or disability.[1] (ECF No. 34 at PageID. 528-29.) With respect to the Butzel Long Subpoena, Magistrate Judge Patti found only Section 6 of the firm's report relevant and therefore discoverable. (*Id.* at PageID. 529.)

Magistrate Judge Patti concluded that any other materials were not relevant to Plaintiff's claims in this case alleging a refusal to hire based on Plaintiff's real or perceived sexual orientation and real or perceived disability. The other materials involved sexual harassment, unwanted touching and remarks, or a hostile work environment against non-party women, alleged racism against Blacks, and perhaps something about "breaking up" a perceived group of senior assistant prosecuting

---

[1] A document concerning the Michigan Senate investigation was issued to Defendant and made public. (*See* ECF No. 36 at PageID. 544-45.) Plaintiff sought the investigative report, interview notes and transcripts, formal complaints, correspondence, disciplinary action records, investigator documentation, senate police and procedure documents, and official statements. (ECF No. 34 at PageID. 528.)

attorneys in the office—all of which Magistrate Judge Patti found to be "far afield from [Plaintiff's] actual claims or needs of his case." (*Id.* at PageID. 527.) Plaintiff's search for these other materials, Magistrate Judge Patti concluded, was simply "a fishing expedition to dig up every bad thing Plaintiff can find about Defendant Lucido, regardless of how close it is to the factual scenario alleged in this case." (*Id.* at PageID. 528.) Stated differently, Plaintiff seeks to "dig[] up 'embarrassing' facts about [Defendant] relating to alleged behavior that is substantively different in kind from what is alleged to be the basis of liability in the instant matter[.]" (*Id.* at PageID. 526.)

Plaintiff objects to Magistrate Judge Patti's decision, arguing that prior acts of workplace discrimination based on sex are discoverable. (ECF No. 37.) Relying on *Bostok v. Clayton County*, 590 U.S. 644 (2020), Plaintiff maintains that discrimination based on sexual orientation is categorically "sex discrimination," and thus prior sex discrimination in any form (i.e. harassment, unwanted touching, or hiring or firing decisions) is relevant to his claims in this case. Plaintiff further argues that this "other acts" evidence is admissible under Federal Rule of Evidence 404(b)(2) to prove motive, intent, absence of mistake, or lack of accident in making his hiring decision. Plaintiff asserts that the evidence from the Butzel Long report and Michigan Senate investigation will show that Defendant "wish[ed] to 'revive the workplace gender roles of the 1950s' and that Plaintiff, as a perceived gay man, did not conform to those traditional gender roles and 'did not behave in a sufficiently masculine way.'" (*Id*. at PageID. 614 (quoting *Bostock*, 590 U.S. at 672, 673).)

3

**Standard of Review**

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when, despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)). A magistrate judge's decision "is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (internal quotation marks and citations omitted).

**Analysis**

The Court has carefully reviewed Magistrate Judge Patti's decision and concludes that it is neither clearly erroneous nor contrary to law.

In *Bostock*, the Supreme Court held that the prohibition against "sex" discrimination in Title VII of the Civil Rights Act of 1964 includes discrimination based on sexual orientation. 590 U.S. at 683. The Court reasoned that the statute is violated when the defendant treats the individual plaintiff adversely because of actions or attributes the defendant would tolerate in an individual of another sex. *Id.* at 658. "[I]t is

4

impossible to discriminate against a person for being homosexual or transgender[,]" the Court reasoned, "without discriminating against that individual based on sex." *Id.* at 660. This was the extent of the Supreme Court's decision in *Bostock,* as it was the only issue presented.

The *Bostock* Court did not consider or decide the relevancy or admissibility of other acts evidence with respect to a claim of sexual orientation discrimination. And nothing in *Bostock* can be read as holding that a defendant's prior acts of sex discrimination are relevant and discoverable, regardless of the form of those acts, when they occurred, or any other factors. Magistrate Judge Patti's decision, therefore, is not contrary to *Bostock.* Nor is it contrary to *Griffin v. Finkbeiner*, 689 F.3d 584 (6th Cir. 2012).

*Griffin* provides the standard for deciding whether other acts evidence is admissible at trial in the employment-discrimination-law context.[2] *See id.* at 598. Federal Rule of Civil Procedure 26(b)(1) sets forth the standard for whether material is discoverable:

---

[2] The Sixth Circuit provided in *Griffin* that the relevancy of other acts evidence must be assessed on a case-by-case basis, considering "many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." 689 F.3d at 598 (quoting *Spring/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008)). Other factors include whether the same actors were involved, the temporal and geographical proximity, whether the various decisionmakers knew of the other decisions, whether the employees were similarly situated in relevant respects, or the nature of each employee's allegations. *Id.* at 599 (citations omitted).

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Magistrate Judge Patti acknowledged the applicability of Rule 26(b)(1) and considered the relevant factors in reaching his decision. (*See* ECF No. 34 at PageID. 526-527.) Regardless of which standard is applied, however, both consider the importance of the discovery to the issues at stake and to resolving those issues. *See* Fed. R. Civ. P. 26(b)(1); *Griffin*, 689 F.2d at 598 (quoting *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008)) (explaining that whether other acts "evidence is relevant is a case-by-case determination that 'depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case'").

    Magistrate Judge Patti did not clearly err in concluding that much of the discovery Plaintiff seeks is unrelated to and does not tend to support his claims and theories in this case. Plaintiff claims he was not hired because of his real or perceived sexual orientation or real or perceived hearing disability. All discriminatory acts are not necessarily related simply because they are based on "sex," and some of the purported actions by Defendant which Plaintiff seeks to discover have nothing to do with sex. Unwanted touching and sexual harassment of female employees in the workplace are behaviors quite distinct from failing to hire applicants based on their sexual orientation (and, obviously, hearing

6

disability). The behaviors are all unlawful, but that is not enough to render other acts evidence relevant and discoverable. Nor do they become relevant by branding Defendant as someone who "wish[es] to 'revive the workplace gender roles of the 1950s[.]'"[3]

Plaintiff argues that the prior bad acts evidence would be admissible to prove Defendant's "motive, bias, intent, habit, and lack of accident in discriminating *on the basis of sex*." (ECF No. 37 at PageID. 598 (emphasis in original); *see also id*. at PageID. 612.) Federal Rule of Evidence 404(b) generally precludes "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." The rule states, however, that such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Yet, Plaintiff fails to articulate precisely how any of the acts could be probative of these considerations.[4] In any event, because the other acts

---

[3] In addition to whether this image of Defendant is accurate and supported, it is itself improper character evidence. *See* Fed. R. Evid. 404(a) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.")." Rules 404(a) and (b), "which prevent 'generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged,' mitigate the risk that a jury will punish a defendant for acts other than the ones at issue, or for having a bad character." *Harwood v. N.A. Bancard LLC*, No. 18-cv-12567, 2020 WL 5105093, at *4 (E.D. Mich. Aug. 31, 2020) (quoting *Old Chief v. United States*, 519 U.S. 172, 180-81 (1997)).

[4] Plaintiff makes a similar broad assertion that the evidence could be used for impeachment purposes without elaborating on how that would likely happen. The

are not sufficiently related to support Plaintiff's claims and theories, they would not be admissible under Rule 404(b). *See Griffin*, 689 F.3d at 599-600 (explaining that, when deciding whether other acts evidence is admissible under Rule 404(b)(2), a court must consider many factors, including "how closely it relates to the plaintiff's circumstances"); *Marotta v. Ford Motor Co.*, No. 14-cv-11149, 2016 WL 3197425, at *7 (E.D. Mich. June 9, 2016) (in a hostile work environment case based on the plaintiff's sex, explaining that evidence of her supervisor's harassment of other employees "might . . . be admissible at trial, but only if [the p]laintiff offers evidence at trial from which the jury could reasonably infer that the harassment was *sexual* harassment[,]" and that evidence that the supervisor "harassed many employees, irrespective of sex, as part of his 'management style' is inadmissible"); *Cookenmaster v. Kmart Corp.*, No. 07-cv-13947, 2009 WL 94532, at *3 (E.D. Mich. Jan. 13, 2009) (holding that evidence of sex discrimination is not admissible under Rule 404(b) in evaluating a claim of disability discrimination).

## Conclusion

For the reasons set forth above, the Court rejects Plaintiff's objections to Magistrate Judge Patti's decision and affirms the decision.

**SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: May 28, 2024

---

Court is at loss for what admissible testimony would invite the introduction of this other acts evidence as proper impeachment.